IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40989
Summary Calendar

_____

ELIJAH W. RATCLIFF, Individually and doing business as Dunbar Bonding
Service,

Plaintiff-Appellant,

versus

JOHN S. HOLLEMAN, JR., District Attorney of Polk County, Texas; BILL
RAY NELSON, Sherrif, Polk County, Texas; JOE NED DEAN, District
Judge, Polk County, Texas; FRED EDWARDS, District Judge, Polk County,
Texas; STATE BAR OF TEXAS; STATE OF TEXAS; UNITED STATES OF AMERICA;
EXECUTIVE DIRECTOR, State Bar of Texas,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-93

_____

April 30, 1999

Before JOHNSON, DUHE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Elijah W. Ratcliff appeals from the district court's order granting

the defendants' motions to dismiss and for summary judgment in his pro

se civil lawsuit alleging civil rights violations and other claims.

With respect to all of the captioned defendants other than District

Judges Dean and Edwards and District Attorney Holleman, the district

court did not err in concluding that Ratcliff's claims were res

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5th CIR. R. 47.5.4.

judicata.  See Nagle v. Lee, 807 F.2d 435, 439 (5th Cir. 1987).  In a nearly identical lawsuit filed previously by Ratcliff, the district court determined that Ratcliff's claims were barred by the applicable statutes of limitations.  Because this was a final adjudication on the merits for res judicata purposes, Ratcliff was not entitled to bring those claims in a subsequent suit.  See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044, 1045-46 (5th Cir. 1989).

Judges Dean and Edwards were entitled to absolute judicial immunity for the judicial acts attributed to them by Ratcliff.  See Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996).  Further, Ratliff's claims against District Attorney Holleman were barred by the applicable Texas statute of limitations.  See Cooper v. Brookshire, 70 F.3d 377, 380, n.20 (5th Cir. 1995); Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 982 & n. 3 (5th Cir. 1992);  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 1998).

Ratcliff's appeal is without merit and is frivolous. Accordingly, the appeal is DISMISSED.  5TH CIR. R. 42.2. We caution Ratcliff that any additional appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Ratcliff should review any pending appeals to ensure that they do not raise frivolous arguments.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.